1  CHRISTINE M. BOOZE
   Nevada Bar No. 7610
2  WINNER & BOOZE
   1117 South Rancho Drive
3  Las Vegas, Nevada 89102
   Phone (702) 243-7000
4  Facsimile (702) 243-7059
   cbooze@winnerfirm.com
5
6  *Attorney for KO Transportation, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RICHARD MELCHIORRE, an individual,<br><br>        Plaintiff,<br><br>vs.<br><br>CHASE MICHAEL CAIMI, an individual; KO TRANSPORTATION, INC., a Utah Corporation; DOES 1 through 10, inclusive; and ROE BUSINESS ENTITIES 1 through 10, inclusive,<br><br>        Defendants. | CASE NO. 2:24-cv-01411-CDS-DJA<br><br>**STIPULATION AND ORDER TO AMEND DEFENDANT KO TRANSPORTATION, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** |

Defendant KO TRANSPORTATION, INC., by and through its counsel of record, the law firm WINNER & BOOZE, and Plaintiff RICHARD MELCHIORRE, by and through his counsel of record, the firm RALPH A. SCHWARTZ, P.C., respectfully submit the following stipulation and order to amend Defendant KO TRANSPORTATION, INC.'s Answer and Affirmative Defense to Plaintiff's Complaint to assert a demand for jury trial.

**I.     INTRODUCTION**

This case involves a motor vehicle incident that took place on February 1, 2023, in the County of Clark, State of Nevada, wherein plaintiff RICHARD MELCHIORRE claims he sustained injuries in excess of $75,000.00, exclusive of interest and costs. Plaintiff filed a Complaint in the Eighth Judicial District Court for the State of Nevada, in and for Clark County, on June 26, 2024. The case is identified as Case Number A-24-896242-C. On or around August 1, 2024, defendant KO Transportation, Inc. filed its Petition for Removal in the United States District Court, District of Nevada, based on diversity jurisdiction. On or about August 1, 2024, Defendant KO Transportation,

535-9054

Inc. filed its answer to plaintiff's complaint in the United States District Court, District of Nevada. On or about August 16, 2024, defendant KO Transportation, Inc. filed its Statement Regarding Removal in this Court. The parties held a conference pursuant to Fed. R. Civ. P. 26(f) on August 30, 2024, and will prepare a stipulated discovery plan and scheduling order for this Honorable Court's review.

## II.   REASONS WHY DEFENDANT KO TRANSPORTATION, INC.'S ANSWER AND AFFIRMATIVE DEFENSES SHOULD BE AMENDED

The parties hereby stipulate that Defendant KO TRANSPORTATION, INC.'s Answer and Affirmative Defenses be amended to include a demand for jury trial. This request is being timely submitted, and no trial date and been set in this instant litigation.

DATED this 20th day of September, 2024.           DATED this 20th day of September, 2024.

WINNER & BOOZE                                                        RALPH A. SCHWARTZ, P.C.

By: *Christine Booze*                                                       By: /s/ Ralph A. Schwartz
Christine M. Booze                                                            Ralph A. Schwartz
Nevada Bar No. 7610                                                       Nevada Bar No. 5488
1117 South Rancho Drive                                                400 South Seventh Street, Suite 100
Las Vegas, Nevada 89102                                                Las Vegas, Nevada 89101
*Attorney for Defendant*                                                   *Attorney for Plaintiff Richard Melchiorre*
*KO Transportation, Inc*

## ORDER

**IT IS THEREFORE ORDERED** that the parties' stipulation (ECF No. 15) is **GRANTED.** Defendant must file and serve the amended pleading as required by Local Rule 15-1(b).

DATED: 9/24/2024

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

CHRISTINE M. BOOZE
Nevada Bar No. 7610
WINNER & BOOZE
1117 South Rancho Drive
Las Vegas, Nevada 89102
Phone (702) 243-7000
Facsimile (702) 243-7059
cbooze@winnerfirm.com

*Attorney for KO Transportation, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| RICHARD MELCHIORRE, an individual, Plaintiff, vs. CHASE MICHAEL CAIMI, an individual; KO TRANSPORTATION, INC., a Utah Corporation; DOES 1 through 10, inclusive; and ROE BUSINESS ENTITIES 1 through 10, inclusive, Defendants. | CASE NO. 2:24-cv-01411-CDS-DJA **DEFENDANT KO TRANSPORTATION, INC.'S APPENDIX OF EXHIBITS TO STIPULATION TO AMEND ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** |
|---|---|

| *Exhibit* | *Document Description or Title* |
|---|---|
| *Exhibit A* | Defendant KO Transportation, Inc.'s (Proposed) Amended Answer |

Page 1 of 1

011-9019

Exhibit "A"

1  CHRISTINE M. BOOZE
   Nevada Bar No. 7610
2  WINNER & BOOZE
   1117 South Rancho Drive
3  Las Vegas, Nevada 89102
   Phone (702) 243-7000
4  Facsimile (702) 243-7059
   cbooze@winnerfirm.com
5
   *Attorney for KO Transportation, Inc.*
6

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RICHARD MELCHIORRE, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CHASE MICHAEL CAIMI, an individual; KO TRANSPORTATION, INC., a Utah Corporation; DOES 1 through 10, inclusive; and ROE BUSINESS ENTITIES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.<br><br>**DEFENDANT KO TRANSPORTATION, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Defendant KO TRANSPORTATION, INC. by and through its counsel of record the law firm WINNER & BOOZE and hereby submits its response to plaintiff's complaint (hereinafter referred to as "Complaint"). Pursuant to FRCP 8(b), Defendant denies generally each and every allegation of matter, fact, and thing asserted against it in the Complaint, unless otherwise admitted or qualified.

I.

**JURISDICTION**

1. Responding to Paragraph 1 of the Complaint, Defendant KO TRANSPORTATION, INC. objects to this paragraph because the plaintiff's statements and allegations call for a legal conclusion, which is beyond the ken of Defendant and as such no response is required. Without waiving the foregoing objection and, to the extent a response is required, Defendant states it lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in

Page 1 of 15

011-9019

the paragraph and upon said grounds, denies the allegations and holds the plaintiff to his burden of proof.

2.	Responding to Paragraph 2 of the Complaint, Defendant KO TRANSPORTATION, INC. states that it lacks knowledge or information sufficient to form a belief about the truth of the allegation contained in the paragraph and upon said grounds, denies the allegations.

3.	Responding to Paragraph 3 of the Complaint, Defendant KO TRANSPORTATION, INC. states upon information and belief, defendant CHASE MICHAEL CAIMI was a resident of Springville, Utah and is a resident within the state of Utah.

4.	Responding to Paragraph 4 of the Complaint, Defendant KO TRANSPORTATION, INC. admits it is a Utah corporation doing business in the State of Nevada.  As to the remaining allegations, Defendant objects because the remaining statements are vague and seek a legal conclusion which is beyond the ken of Defendant and as such no response is required.  Without waiving the foregoing objection and, to the extent a response is required, Defendant states it lacks knowledge or information sufficient to form a belief about the truth of the allegations and upon said grounds, denies and holds the plaintiff to his burden of proof.

5.	Responding to Paragraph 5 of the Complaint, Defendant KO TRANSPORTATION, INC. states the paragraph contains statements, assumptions, and conclusions of law which Defendant can neither admit nor deny.  Defendant is unable to assert a position as to the legal or factual basis or claims made by the plaintiff, and therefore denies the allegations and holds the plaintiff to his burden of proof.  Once the proposed DOE defendants are identified and served, Defendant will assert its position on plaintiff's allegations at that time.

6.	Responding to Paragraph 6 of the Complaint, Defendant KO TRANSPORTATION, INC. states the paragraph contains statements, assumptions, and conclusions of law which Defendant can neither admit nor deny.  Defendant is unable to assert a position as to the legal or factual basis

or claims made by the plaintiff, and therefore denies the allegations and holds the plaintiff to his burden of proof. Once the proposed ROE BUSINESS ENTITY defendants are identified and served, Defendant will assert its position on plaintiff's allegations at that time.

7.   Responding to Paragraph 7 of the Complaint, Defendant KO TRANSPORTATION, INC. states that it lacks knowledge or information sufficient to form a belief about the truth of the allegation contained in the paragraph and upon said grounds, denies the allegations and holds plaintiff to his burden of proof.

## II.

## **GENERAL ALLEGATIONS**

8.   Responding to Paragraph 8 of the Complaint, Defendant KO TRANSPORTATION, INC. realleges and reasserts its responses contained in Paragraphs 1 through 7 above as if fully set forth at this point and incorporates them herein by reference, and as such no response is required.

9.   Responding to Paragraph 9 of the Complaint, Defendant KO TRANSPORTATION, INC. states that it lacks knowledge or information sufficient to form a belief about the truth of the allegation contained in the paragraph and upon said grounds, denies the allegations and holds plaintiff to his burden of proof.

10.   Responding to Paragraph 10 of the Complaint, and based upon information and belief, Defendant KO TRANSPORTATION, INC. admits that defendant CHASE MICHAEL CAIMI was the operator of a 2021 Kenworth DS tractor that it owned. As to the remaining allegations, it lacks knowledge or information sufficient to form a belief about the truth of the allegations and upon said grounds, denies the allegations and holds the plaintiff to his burden of proof.

11.   Responding to Paragraph 11 of the Complaint, Defendant KO TRANSPORTATION, INC. objects to this paragraph because the plaintiff's statements and allegations call for a legal

011-9019

conclusion and expert opinion, which is beyond the ken of Defendant and as such no response is required. Without waiving the foregoing objection and, to the extent a response is required, Defendant denies the allegations and holds the plaintiff to his burden of proof.

12. Responding to Paragraph 12 of the Complaint, Defendant KO TRANSPORTATION, INC. objects to this paragraph because the plaintiff's statements and allegations call for a legal conclusion, which is beyond the ken of Defendant and as such no response is required. Without waiving the foregoing objection and, to the extent a response is required, Defendant denies the allegations and holds the plaintiff to his burden of proof.

13. Responding to Paragraph 13 of the Complaint, Defendant KO TRANSPORTATION, INC. objects to this paragraph because the plaintiff's statements and allegations call for a legal conclusion and/or expert opinion, which is beyond the ken of Defendant and as such no response is required. Without waiving the foregoing objection and, to the extent a response is required, Defendant denies the allegations and holds the plaintiff to his burden of proof.

14. Responding to Paragraph 14 of the Complaint, Defendant KO TRANSPORTATION, INC. objects to this paragraph because the plaintiff's statements and allegations call for a legal conclusion and/or expert opinion, which is beyond the ken of Defendant and as such no response is required. Without waiving the foregoing objection and, to the extent a response is required, Defendant denies the allegations and holds the plaintiff to his burden of proof.

15. Responding to Paragraph 15 of the Complaint, Defendant KO TRANSPORTATION, INC. denies the allegation and holds the plaintiff to his burden of proof.

### III.

### FIRST CLAIM FOR RELIEF
(Negligence)

16. Responding to Paragraph 16 of the Complaint, Defendant KO TRANSPORTATION, INC. realleges and reasserts its responses contained in Paragraphs 1 through 15 above as if fully set

forth at this point and incorporates them herein by reference, and as such no response is required.

17.  Responding to Paragraph 17 of the Complaint, Defendant KO TRANSPORTATION, INC. objects to this paragraph because the plaintiff's statement and allegation calls for a legal conclusion, which is beyond the ken of Defendant and as such no response is required. Without waiving the foregoing objection and, to the extent a response is required, Defendant admits only that it is the duty of all drivers, including the plaintiff driver, to operate any vehicle pursuant to law. As to the remaining allegations, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and upon said grounds, denies the allegations and holds the plaintiff to his burden of proof.

18.  Responding to Paragraph 18 of the Complaint, Defendant KO TRANSPORTATION, INC. objects to this paragraph because the plaintiff's statement and allegation calls for a legal conclusion, which is beyond the ken of Defendant and as such no response is required. Without waiving the foregoing objection and, to the extent a response is required, Defendant states that it lacks knowledge or information sufficient to form a belief about the truth of the allegation contained in the paragraph and upon said grounds, denies the allegations and holds plaintiff to his burden of proof.

19.  Responding to Paragraph 19 of the Complaint, Defendant KO TRANSPORTATION, INC. objects to this paragraph because the plaintiff's statement and allegation calls for a legal conclusion, which is beyond the ken of Defendant and as such no response is required. Without waiving the foregoing objection and, to the extent a response is required, Defendant states that it lacks knowledge or information sufficient to form a belief about the truth of the allegation contained in the paragraph and upon said grounds, denies the allegations and holds plaintiff to his burden of proof.

///

011-9019

20.     Responding to Paragraph 20 of the Complaint, Defendant KO TRANSPORTATION, INC. states that it lacks knowledge or information sufficient to form a belief about the truth of the allegation contained in the paragraph and upon said grounds, denies the allegations and holds plaintiff to his burden of proof.

21.     Responding to Paragraph 21 of the Complaint, Defendant KO TRANSPORTATION, INC. objects to this paragraph because the plaintiff's statement and allegation calls for a legal conclusion and/or expert opinion, which is beyond the ken of Defendant and as such no response is required.  Without waiving the foregoing objection and, to the extent a response is required, Defendant states that it lacks knowledge or information sufficient to form a belief about the truth of the allegation contained in the paragraph and upon said grounds, denies the allegations and holds plaintiff to his burden of proof.

22.     Responding to Paragraph 22 of the Complaint, Defendant KO TRANSPORTATION, INC. objects to this paragraph because the plaintiff's statement and allegation calls for a legal conclusion and/or expert opinion, which is beyond the ken of Defendant and as such no response is required.  Without waiving the foregoing objection and, to the extent a response is required, Defendant states that it lacks knowledge or information sufficient to form a belief about the truth of the allegation contained in the paragraph and upon said grounds, denies the allegations and holds plaintiff to his burden of proof.

23.     Responding to Paragraph 23 of the Complaint, Defendant KO TRANSPORTATION, INC. denies the allegation and holds the plaintiff to his burden of proof.

## IV.

### SECOND CLAIM FOR RELIEF
(Negligence Per Se)

24.     Responding to Paragraph 24 of the Complaint, Defendant KO TRANSPORTATION, INC. realleges and reasserts its responses contained in Paragraphs 1 through 13 above as if fully set

forth at this point and incorporates them herein by reference, and as such no response is required.

25. Responding to Paragraph 25 of the Complaint, Defendant KO TRANSPORTATION, INC. objects to this paragraph because the plaintiff's statement and allegation calls for a legal conclusion and/or expert opinion, which is beyond the ken of Defendant and as such no response is required. Without waiving the foregoing objection and, to the extent a response is required, Defendant states that it lacks knowledge or information sufficient to form a belief about the truth of the allegation contained in the paragraph and upon said grounds, denies the allegations and holds plaintiff to his burden of proof.

26. Responding to Paragraph 26 of the Complaint, Defendant KO TRANSPORTATION, INC. objects to this paragraph because the plaintiff's statement and allegation calls for a legal conclusion and/or expert opinion, which is beyond the ken of Defendant and as such no response is required. Without waiving the foregoing objection and, to the extent a response is required, Defendant states that it lacks knowledge or information sufficient to form a belief about the truth of the allegation contained in the paragraph and upon said grounds, denies the allegations and holds plaintiff to his burden of proof.

27. Responding to Paragraph 27 of the Complaint, Defendant KO TRANSPORTATION, INC. objects to this paragraph because the plaintiff's statement and allegation calls for a legal conclusion and/or expert opinion, which is beyond the ken of Defendant and as such no response is required. Without waiving the foregoing objection and, to the extent a response is required, Defendant states that it lacks knowledge or information sufficient to form a belief about the truth of the allegation contained in the paragraph and upon said grounds, denies the allegations and holds plaintiff to his burden of proof.

28. Responding to Paragraph 28 of the Complaint, Defendant KO TRANSPORTATION, INC. objects to this paragraph because the plaintiff's statement and allegation calls for a legal

conclusion and/or expert opinion, which is beyond the ken of Defendant and as such no response is required. Without waiving the foregoing objection and, to the extent a response is required, Defendant states that it lacks knowledge or information sufficient to form a belief about the truth of the allegation contained in the paragraph and upon said grounds, denies the allegations and holds plaintiff to his burden of proof.

29. Responding to Paragraph 29 of the Complaint, Defendant KO TRANSPORTATION, INC. objects to this paragraph because the plaintiff's statement and allegation calls for a legal conclusion and/or expert opinion, which is beyond the ken of Defendant and as such no response is required. Without waiving the foregoing objection and, to the extent a response is required, Defendant states that it lacks knowledge or information sufficient to form a belief about the truth of the allegation contained in the paragraph and upon said grounds, denies the allegations and holds plaintiff to his burden of proof.

30. Responding to Paragraph 30 of the Complaint, Defendant KO TRANSPORTATION, INC. denies the allegation and holds the plaintiff to his burden of proof.

V.

**THIRD CLAIM FOR RELIEF**
(Negligent Entrustment/Joint & Several Liability/Agency
Respondeat Superior/Vicarious Liability)

31. Responding to Paragraph 31 of the Complaint, Defendant KO TRANSPORTATION, INC. realleges and reasserts its responses contained in Paragraphs 1 through 30 above as if fully set forth at this point and incorporates them herein by reference, and as such no response is required.

32. Responding to Paragraph 32 of the Complaint, Defendant KO TRANSPORTATION, INC. objects to this paragraph because the plaintiff's statement and allegation calls for a legal conclusion and/or expert opinion, which is beyond the ken of Defendant and as such no response is required. Further, the terms "maintained" and "controlled" are ambiguous. Without waiving the

foregoing objections and, to the extent a response is required, Defendant admits only that it owned the Kenworth defendant Chase was driving at the time of the event that is the subject of plaintiff's complaint. Defendant holds the plaintiff to his burden of proof.

33. Responding to Paragraph 33 of the Complaint, Defendant KO TRANSPORTATION, INC. objects to this paragraph because the plaintiff's statement and allegation calls for a legal conclusion and/or expert opinion, which is beyond the ken of Defendant and as such no response is required. Without waiving the foregoing objection and, to the extent a response is required, Defendant denies the allegations and holds the plaintiff to his burden of proof.

34. Responding to Paragraph 34 of the Complaint, Defendant KO TRANSPORTATION, INC. objects to this paragraph because the plaintiff's statement and allegation calls for a legal conclusion and/or expert opinion, which is beyond the ken of Defendant and as such no response is required. Without waiving the foregoing objection and, to the extent a response is required, Defendant denies the allegations and holds the plaintiff to his burden of proof.

35. Responding to Paragraph 35 of the Complaint, Defendant KO TRANSPORTATION, INC. objects to this paragraph because the plaintiff's statement and allegation calls for a legal conclusion and/or expert opinion, which is beyond the ken of Defendant and as such no response is required. Without waiving the foregoing objection and, to the extent a response is required, Defendant denies the allegations and holds the plaintiff to his burden of proof.

36. Responding to Paragraph 36 of the Complaint, Defendant KO TRANSPORTATION, INC. objects to this paragraph because the plaintiff's statement and allegation calls for a legal conclusion and/or expert opinion, which is beyond the ken of Defendant and as such no response is required. Without waiving the foregoing objection and, to the extent a response is required, Defendant denies the allegations and holds the plaintiff to his burden of proof.

37.     Responding to Paragraph 37 of the Complaint, Defendant KO TRANSPORTATION, INC. denies the allegation and holds the plaintiff to his burden of proof.

## AFFIRMATIVE DEFENSES

Responding Defendant asserts the following affirmative defenses without assuming the burden of proof on such defenses that would otherwise rest with the plaintiff.

Defendant does not knowingly or intentionally waive any applicable defenses and reserves the right to assert and rely on such other applicable defenses as may become available or apparent during the course of the proceedings.

Without assuming any burdens that it would otherwise not bear; Defendant asserts the following defenses:

## FIRST AFFIRMATIVE DEFENSE

As and for a separate, distinct affirmative defense to the Complaint, Defendant alleges the Complaint and each purported claim for relief in the Complaint fail to state facts sufficient to constitute a cause of action, or any action, against Defendant. Defendant holds the plaintiff to all proofs.

## SECOND AFFIRMATIVE DEFENSE

As and for a separate, distinct affirmative defense to the Complaint, Defendant alleges the claims of the plaintiff are barred by reason of the application of the two-year statute of limitations provided by the applicable statute of the State of Nevada.

## THIRD AFFIRMATIVE DEFENSE

As and for a separate, distinct affirmative defense to the Complaint, Defendant alleges the plaintiff's claims are barred by the doctrine of laches for the unreasonable delay in making an assertion or claim.

**FOURTH AFFIRMATIVE DEFENSE**

As and for a separate, distinct affirmative defense to the Complaint, Defendant alleges that the causes of action alleged herein are barred in that Defendant did not cause the damages alleged by the plaintiff. Defendant holds plaintiff to all proofs.

**FIFTH AFFIRMATIVE DEFENSE**

As and for a separate, distinct affirmative defense to the Complaint, Defendant alleges the Complaint and each cause of action thereof, is barred on the grounds that Defendant's conduct referred to in the Complaint was not a factor in bringing about the alleged damages complained of by the plaintiff.

**SIXTH AFFIRMATIVE DEFENSE**

Defendant relies on Nevada statutes and case law to define the legal standards and duties that apply to the facts of this case, and not upon the wording of plaintiff's Complaint.

**SEVENTH AFFIRMATIVE DEFENSE**

As and for a separate, distinct affirmative defense to the Complaint, Defendant alleges that at the time and place alleged in the Complaint, plaintiff did not exercise ordinary care, caution, or prudence in the premises to avoid said incident and the resulting injuries, if any, complained of were directly and proximately contributed to and caused by the fault, carelessness, and negligence of the plaintiff.

**EIGHTH AFFIRMATIVE DEFENSE**

As and for a separate, distinct affirmative defense to the Complaint, Defendant alleges that if plaintiff sustained damages as a result of the incident as alleged, such damages, if any, were caused and contributed to by the negligence or other wrongful conduct of plaintiff and such negligence or other wrongful conduct constitutes a bar to any recovery or, in the alternative, any recovery obtained

011-9019

by plaintiff should be reduced to the extent such negligence or other wrongful conduct was a cause of claimed damages.

## NINTH AFFIRMATIVE DEFENSE

As and for a separate, distinct affirmative defense to the Complaint, Defendant alleges the incident referred to in the Complaint and any and all damages and/or injuries resulting therefrom, if any, were proximately caused, in whole or in part, or were contributed to by the plaintiff's own negligence or other conduct, and such negligence was greater than any of the Defendant's alleged negligence.

## TENTH AFFIRMATIVE DEFENSE

As and for a separate, distinct affirmative defense to the Complaint, Defendant alleges that the causes of action alleged herein are barred in that any alleged act or omission of Defendant herein was superseded by the acts or omissions of others, including plaintiff and/or plaintiff's agent, which were the sole cause of any damage or loss to plaintiff herein. Defendant holds plaintiff to all proofs.

## ELEVENTH AFFIRMATIVE DEFENSE

As and for a separate, distinct affirmative defense to the Complaint, Defendant alleges that the injuries or damage sustained by the plaintiff is a direct and proximate result of the intervening or other acts of a person or persons over whom this Defendant exercised no control and with whom this Defendant has no legal relationship.

## TWELFTH AFFIRMATIVE DEFENSE

As and for a separate, distinct affirmative defense to the Complaint, Defendant is not legally responsible for the acts and/or omissions of those who are named as fictitious defendants.

## THIRTEENTH AFFIRMATIVE DEFENSE

As and for a separate, distinct affirmative defense to the Complaint, Defendant alleges that it is not legally responsible in any fashion for the damages claimed by plaintiff. However, if

Defendant is found to be legally responsible, then Defendant conditionally alleges that its legal responsibility is not the sole legal cause of plaintiff's purported damages, if any, and that the damages awarded to the plaintiff, if any, should be apportioned according to the respective fault and legal responsibility of all parties, persons and entities, or their agents, servants and employees who contributed to and/or caused the subject incidents, according to proof presented at the time of trial.

### FOURTEENTH AFFIRMATIVE DEFENSE

As and for a separate, distinct affirmative defense to the Complaint, Defendant alleges that if responsible for plaintiff's injuries and medical expenses, Defendant is only obligated to the extent that such expenses are reasonable and lawfully incurred.

### FIFTEENTH AFFIRMATIVE DEFENSE

As and for a separate, distinct affirmative defense to the Complaint, Defendant alleges that should it be held liable to the plaintiff herein, Defendant is entitled to comparative contribution and/or indemnity from all other persons, parties and/or organizations who are, in whole or in part, responsible for plaintiff's damages.

### SIXTEENTH AFFIRMATIVE DEFENSE

As and for a separate, distinct affirmative defense to the Complaint, Defendant alleges that pursuant to NRS §41.141, in the event recovery is allowed against more than one defendant in this action, then the liability of KO TRANSPORTATION, INC., if any, shall be several to the plaintiff only for that portion of the judgment which represents the percentage of negligence attributable to Defendant KO TRANSPORTATION, INC.

### SEVENTEENTH AFFIRMATIVE DEFENSE

As and for a separate, distinct affirmative defense to the Complaint, Defendant alleges that plaintiff is not entitled to punitive damages against Defendant because Defendant did not commit any act of fraud, malice or oppression.

### EIGHTEENTH AFFIRMATIVE DEFENSE

As and for a separate, distinct affirmative defense to the Complaint, Defendant alleges that plaintiff's claims for punitive damages are barred by both the United States and Nevada Constitutions. Specifically, under the current rules governing discovery and trial practices, current evidentiary rules, and current vague substantive standards, such an award would violate KO TRANSPORTATION, INC.'S rights under article I, sections 8, 9, and 10 of the United States Constitution, the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, and Article 1, sections 6, 8, and 18 of the Nevada Constitution.

### NINTEENTH AFFIRMATIVE DEFENSE

As and for a separate, distinct affirmative defense to the Complaint, Defendant alleges that the Complaint, to the extent that it seeks punitive damages, violates this Defendant's right to protection from "excessive fines" as provided in the 8th Amendment of the United States Constitution and/or the provisions of the Constitution of the State of Nevada and violates Defendant's right to substantive due process as provided in the 5th and 14th Amendments of the United States Constitution and/or the Constitution of the State of Nevada, and therefore, fails to state a cause of action supporting punitive damages claimed.

### TWENTIETH AFFIRMATIVE DEFENSE

That is has been necessary for the Defendant to employ the services of an attorney to defend this action and a reasonable sum should be allowed Defendant as and for attorney's fees, together with the costs expended in this action.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendant hereby incorporates by reference those affirmative defenses enumerated in Rule 8 and 12 of the Nevada Rules of Civil Procedure as if fully set forth herein. In the event further investigation or discovery reveals the applicability of any such defenses, Defendant reserves the right

to seek leave of court to amend this Answer to assert specifically any such defenses. Such defenses are incorporated herein by reference for the specific purpose of not waiving any such defenses.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Pursuant to NRCP 11, all affirmative defenses that have not been alleged herein insofar as sufficient facts are not available after reasonable inquiry upon the filing of this Answer. Defendant reserves the right to allege additional affirmative defenses, or to remove affirmative defenses, if further investigation and/or discovery reveals facts supporting such defenses.

**PRAYER**

WHEREFORE, Defendant prays for judgment in accordance with the facts and law, holding plaintiff to her burden of proof. Where appropriate under applicable law, Defendant's request for attorney's fees and costs against the plaintiff. Defendant further request's for such other and further relief as the Court deems just, equitable and proper.

DATED this 20th day of September, 2024.

WINNER & BOOZE

*Christine Booze*

Christine M. Booze
Nevada Bar No. 7610
1117 South Rancho Drive
Las Vegas, Nevada 89128
*Attorneys for Defendant*