JOSH COLE AICKLEN
Nevada Bar No. 007254
Josh.Aicklen@lewisbrisbois.com
NATHANIEL T. COLLINS
Nevada Bar No. 15027
Nathaniel.Collins@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
Telephone: 702.893.3383
Facsimile: 702.893.3789
Attorneys for Defendant
CHASE MICHEAL CAIMI

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RICHARD MELCHIORRE, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CHASE MICHEAL CAIMI, an individual; KO TRANSPORTATION, INC., a Utah Corporation; DOES 1 through 10, inclusive; and ROE BUSINESS ENTITIES 1 through 10, inclusive,<br><br>Defendants. | Case No. : 2:24-cv-01411-CDS-DJA<br><br>**STIPULATION AND ORDER TO WITHDRAW AND STRIKE PLAINTIFF'S PRAYER FOR PUNITIVE DAMAGES** |

IT IS HEREBY STIPULATED AND AGREED by and between Plaintiff RICHARD MELCHIORRE ("Plaintiff"), by and through his counsel Ralph Schwartz of RALPH A SCHWARTZ, P.C., Defendant CHASE MICHEAL CAIMI (hereinafter, "Defendant CAIMI"), by and through his counsel of record, Josh Cole Aicklen, and Nathaniel T. Collins, of the law firm LEWIS BRISBOIS BISGAARD & SMITH, LLP, and Defendant KO TRANSPORTATION, INC. ("Defendant KO"), by and through its counsel of Record Christine Booze with the law firm WINNER & BOOZE, as follows:

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

145985887.1

That Plaintiff will withdraw his prayer for punitive damages against Defendants, each without prejudice, and asks that Plaintiff be allowed leave to file an amended complaint with no reference to and/or prayer for punitive damages. A true and correct copy of the proposed Amended Complaint is attached hereto as **Exhibit A**.

| Dated this 27th day of September, 2024 | Dated this 27th day of September, 2024 |
|---|---|
| RALPH A. SCHWARTZ, P.C. | LEWIS BRISBOIS BISGAARD & SMITH LLP |
| /s/ Ralph A. Schwartz | /s/ Josh Cole Aicklen |
| RALPH A. SCHWARTZ, ESQ.<br>Nevada Bar No. 5488<br>400 South Seventh Street, Suite 100<br>Las Vegas, Nevada 89101<br>Attorney for Plaintiff Richard Melchiorre | JOSH COLE AICKLEN, ESQ.<br>Nevada Bar No. 5488<br>NATHANIEL T. COLLINS, ESQ.<br>Nevad Bar No. 015027<br>6385 S. Rainbow Boulevard, Suite 600<br>Las Vegas, Nevada 89119<br>Attorney for Defendant CHASE MICHAEL CAIMI |

Dated this 30th day of September, 2024

WINNER & BOOZE

CHRISTINE M. BOOZE, ESQ
Nevada Bar No. 7610
1117 South Rancho Drive
Las Vegas, Nevada 89102
Attorney for Defendant KO TRANSPORTATION, INC.

145985887.1                                  2

# ORDER

Based on the foregoing stipulation and good cause appearing:

IT IS SO ORDERED, ADJUDICATED, AND DECREED, that Plaintiff's prayer for punitive damages against Defendants CHASE MICHAEL CAIMI and KO TRANSPORTATION, INC. is stricken without prejudice and that Plaintiff is granted leave to file an amended complaint with no reference to and/or prayer for punitive damages. A proposed Amended Complaint is attached hereto as **Exhibit A**.

DATED: 10/1/2024

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

Respectfully Submitted,

LEWIS BRISBOIS BISGAARD & SMITH LLP

By      /s/ Josh Cole Aicklen
JOSH COLE AICKLEN
Nevada Bar No. 007254
NATHANIEL T. COLLINS
Nevada Bar No. 15027
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
Tel. 702.893.3383
Attorneys for Defendant
CHASE MICHEAL CAIMI

145985887.1

3

# CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of September 2024, a true and correct copy of **STIPULATION AND ORDER TO WITHDRAW AND STRIKE PLAINTIFF'S PRAYER FOR PUNITIVE DAMAGES** was served by electronically filing with the Clerk of the Court using the CM/ECF system and serving all parties with an email-address on record, who have agreed to receive electronic service in this action.

| | |
|---|---|
| Ralph A. Schwartz, Esq.<br>Nevada Bar No. 5488<br>**RALPH A. SCHWARTZ, P.C.**<br>400 South Seventh Street, Suite 100<br>Las Vegas, Nevada 89101<br>Telephone No.: (702) 888-5291<br>Facsimile No.: (702) 888-5292<br>Email: mail@888law1.com<br>*Attorneys for Plaintiff/Petitioner* | Christine M. Booze<br>Nevada Bar No. 7610<br>**WINNER & BOOZE**<br>1117 South Rancho Drive<br>Las Vegas, Nevada 89102<br>Telephone No.: (702) 243-7000<br>Facsimile No.: (702) 243-7059<br>Email: cbooze@winnerfirm.com<br>*Attorney for KO Transportation, Inc.* |

By   */s/ Georgina Ramos*
     An Employee of
     LEWIS BRISBOIS BISGAARD & SMITH LLP

145985887.1

4

# EXHIBIT A

**COMP**
RALPH A. SCHWARTZ, ESQ.
Nevada Bar No. 5488
**RALPH A. SCHWARTZ, P.C.**
400 South Seventh Street, Suite 100
Las Vegas, Nevada 89101
Telephone No.: (702) 888-5291
Facsimile No.: (702) 888-5292
Email: mail@888law1.com
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RICHARD MELCHIORRE, an individual; | CASE NO.: 2:24-cv-01411-CDS-DJA |
| Plaintiff, | |
| vs. | **AMENDED COMPLAINT** |
| CHASE MICHAEL CAIMI, an individual; KO TRANSPORTATION, INC., a Utah Corporation; DOES 1 through 10, inclusive; and ROE BUSINESS ENTITIES 1 through 10, inclusive, | |
| Defendants. | |

### C O M P L A I N T

COMES NOW Plaintiff, RICHARD MELCHIORRE (referred to as "Plaintiff") by and through his attorney, RALPH A. SCHWARTZ, ESQ., of the law firm of RALPH A. SCHWARTZ, P.C., and for his causes of action against Defendants, and each of them, complains and alleges as follows:

**I.**

**JURISDICTION**

1. This Court has subject matter and personal jurisdiction over this matter pursuant to NRCP 8(a)(4), NRS 13.040, and NRS 41.130 as the incidents, transactions, and occurrences

that comprise the basis of this lawsuit which took place in Clark County, Nevada, and the amount in controversy exceeds $15,000.00, exclusive of attorney's fees, interest and costs.

2.      That at all times relevant hereto, Plaintiff, RICHARD MELCHIORRE was and is a resident of Clark County, Nevada.

3.      Upon information and belief, at all times relevant hereto, Defendant, CHASE MICHEAL CAIMI (referred to as "Defendant" and/or "CAIMI"), was and is a resident of Springville, Utah.

4.      Upon information and belief, at all times relevant hereto, Defendant KO TRANSPORTATION, INC. (referred to as "Defendant"), was and is a Utah Corporation, doing business and benefiting from the laws in the State of Nevada, Clark County.

5.      Plaintiffs do not know the true identity of Defendants sued as DOES 1 through 10, inclusive, and therefore sues these Defendants by such fictitious names.  Plaintiffs will amend this Complaint to insert their true identities when ascertained. Upon information and belief, each of these Defendants is and/or was responsible in some manner for the February 1, 2023 motor vehicle collision described herein and/or negligently caused the damages sustained by Plaintiffs as set forth in the paragraphs hereinbelow which are incorporated herein by reference as if set forth in full and specifically include the failure to operate a vehicle with due care and failure to pay full attention.

6.      That the true names and capacities of the Defendant ROE BUSINESS ENTITIES 1 through 10, inclusive, are unknown to Plaintiffs who, therefore, sues said Defendants by said fictitious names. Defendants designated as such ROE BUSINESS ENTITIES 1 through 10, inclusive, and each of them are owners, operators, or individuals otherwise within possession and control of the motor vehicles herein mentioned and/or are individuals otherwise involved with

the flow of traffic as related hereto, are agents, employees, assigns, management personnel and/or individuals and/or entities otherwise controlling and/or under the supervision and control of Defendants and each of them, who, while within the scope and course of their agency or assignment with said Defendants, are, in whole or in part, negligently, vicariously, statutorily, contractually, and/or otherwise liable for the injuries and damages herein alleged. Plaintiff is informed and believe and thereon alleges that each of the Defendants designated as a ROE BUSINESS ENTITY is in some manner negligently, vicariously, and/or statutorily responsible for the events and happenings referred to and caused damages proximately/legally to Plaintiffs as alleged herein below and such charging paragraphs are incorporated by reference as if set forth in full herein and specifically such entities are vicariously liable for the actions of their employees, are liable for negligent entrustment, negligent hiring, firing and/or supervision. Plaintiffs will ask leave of the Court to amend their Complaint to insert the true names of such Defendants when the same have been ascertained.

7. That all facts and circumstances that give rise to the subject lawsuit occurred within the County of Clark in the State of Nevada.

**II.**

**GENERAL ALLEGATIONS**

8. Plaintiff hereby repeats, re-alleges and incorporates by reference each and every allegation set forth in the above paragraphs as though each were set forth herein verbatim.

9. That at all times relevant hereto, particularly on or about February 1, 2023, Plaintiff, RICHARD MELCHIORRE, was the operator of a 1994 Kenworth DS truck ("Truck"). Plaintiff was traveling southbound on SR604, north of I-15 in Clark County, Nevada.

10. Defendant, CHASE MICHEAL CAIMI was the operator of a 2021 Kenworth DS semi-truck ("Semi"), owned by Defendant KO TRANSPORTATION, INC. The Semi was traveling northbound on SR604, north of I-15. Defendant failed to drive on the right side, pushing Plaintiff's truck across the center line causing a collision.

11. At that time, Defendant CHASE MICHEAL CAIMI failed to use due care and collided with the Plaintiff's truck. Plaintiff suffered bodily injuries as a result of the collision caused by Defendant.

12. That Defendant CAIMI failed to pay attention while driving and negligently caused a collision.

13. That Defendant CAIMI, at the time of the collision herein complained of and immediately prior thereto, were negligent and careless in the following particulars, including, but not limited to:

    a) In failing to use due care while operating Defendants' vehicle ("Semi");

    b) In operating Defendants' vehicle without due caution and with disregard for the safety of the general public and in particular of the Plaintiff; and

    c) In becoming distracted, failing to slow down, and overtaking another vehicles lane.

14. At all relevant hereto, Defendants actions failed below the standard of care, as a result causing bodily injury and medical bills to Plaintiff, the amount of damages are in excess of fifteen thousand dollars ($15,000.000).

15. As a direct and proximate result of That Defendants aforesaid actions, it is necessary for Plaintiff to retain an attorney to prosecute this action, and Plaintiff may be entitled to recover reasonable attorney's fees and costs.

## III.

## FIRST CLAIM FOR RELIEF
### (Negligence)

16. Plaintiff hereby repeats, re-alleges and incorporates by reference each and every allegation set forth in the above paragraphs as though each were set forth herein verbatim.

17. Defendant CHASE MICHEAL CAIMI owed a duty of care to Plaintiff to operate the vehicle in a careful and prudent manner.

18. That Defendant CAIMI breached his duty of care to Plaintiff by failing to pay full attention while driving and failing to keep his vehicle under proper control and allowing the Semi to collide with Plaintiff's Truck.

19. That is a direct and proximate cause of the negligence and/or carelessness of Defendant CAIMI. Plaintiff sustained great emotional distress and bodily trauma, all or some of which may be permanent and disabling in nature, all to their general and compensatory damage in an amount in excess of fifteen thousand dollars ($15,000.00).

20. Additionally, Plaintiff were required to incur expenses for medical care, treatment and expenses incidental thereto, all to their damage in an amount presently unknown at this time, and may be required in the future to incur expenses for medical care and treatment, including physicians, nurses, physical therapies, hospitalization, x-rays, medicine and general medical care in an amount not yet ascertained, and in this regard, Plaintiff pray for leave of the Court to insert all said damages herein when the same have been fully ascertained or proven at the time of trial of this matter.

21. That as a direct and proximate result of the breach of duty by Defendants, Plaintiff were prevented from attending to their usual occupation and, thereby, has a loss of earnings in the past and/or in the future in an amount to be determined and set forth at trial.

22. That as a direct and proximate result of the negligence and/or carelessness of Defendants, Plaintiff have endured pain and suffering, worry, anxiety, emotional distress, loss of enjoyment of life and will continue to endure said losses for an indefinite period of time in the future, in an amount in excess of $15,000.00, and, in this regard, Plaintiff prays for leave of the Court to insert all said damages herein when the same have been fully ascertained or proven at the time of trial herein.

23. As a direct result of Defendants' actions, or lack thereof, Plaintiff have been forced to retain the services of an attorney to prosecute this matter and are entitled to an award of reasonable attorney's fees, costs of lawsuit and interest.

## IV.
## SECOND CLAIM FOR RELIEF
**(Negligence Per Se)**

24. Plaintiff hereby repeats, re-allege and incorporate by reference each and every allegation set forth in the above paragraphs as though each were set forth herein verbatim.

25. At the time of the subject collision, Defendant CHASE MICHEAL CAIMI acted in violation of applicable motor vehicle laws by failing to give their full attention to driving.

26. At the time of the subject collision, Defendant CAIMI acted in violation of applicable motor vehicle laws, including, but not limited to, NRS 484B.207 overtaking another vehicles lane.

27. At the time of the subject collision, Defendant CAIMI acted in violation of applicable motor vehicle laws, including, but not limited to, NRS 484B.213 overtaking the left side of vehicle's lane.

28. Defendant CAIMI violation(s) of the applicable motor vehicle laws was/were the cause of the subject collision and the cause of Plaintiffs' injuries.

29.  As a direct and proximate result of the negligence per se of Defendant CAIMI, Plaintiff has endured pain and suffering, worry, anxiety, emotional distress, loss of enjoyment of life and will continue to endure said losses for an indefinite period of time in the future, in an amount in excess of $15,000.00, and, in this regard, Plaintiff prays for leave of the Court to insert all said damages herein when the same have been fully ascertained or proven at the time of trial herein.

30.  As a direct result of Defendant's actions, or lack thereof, Plaintiff has been forced to retain the services of an attorney to prosecute this matter and is entitled to an award of reasonable attorney's fees, costs of lawsuit and interest.

## V.

### THIRD CLAIM FOR RELIEF
**(Negligent Entrustment / Joint & Several Liability / Agency Respondent Superior / Vicarious Liability)**

31.  Plaintiff repeats and realleges each and every fact and allegation contained in this Complaint and incorporates the same herein by reference as though fully set forth herein verbatim.

32.  At all times relevant hereto, Defendant KO TRANSPORTATION, INC. owned, maintained, and controlled the Semi, which was driven by employee/agent, Defendant CHASE MICHEAL CAIMI.

33.  At all times relevant hereto, Defendant KO TRANSPORTATION, INC. and/or their agents or assigns negligently and carelessly allowed Defendant CAIMI to operate the Semi.

34.  At all times relevant hereto, Defendant KO TRANSPORTATION, INC. and/or their agents or assigns negligently and carelessly maintained and controlled its agents/assigns, thereby causing the subject collision.

35.  As a further direct and proximate result of the Defendant, KO TRANSPORTATION, INC.'s negligence, as set forth above, Plaintiff has incurred in the past,

and may incur in the future, expenses for medical treatment of their injuries, and loss of earnings and earning capacity.

36. As a further direct and proximate result of the Defendant, KO TRANSPORTATION, INC.'s negligent entrustment, as set forth above, Plaintiff has suffered in the past, and may suffer in the future, physical and mental pain and anguish, and impaired enjoyment of life and inconvenience.

37. That it has been necessary for Plaintiff to retain the services of legal counsel to prosecute this action, and they are, therefore, entitled to reasonable attorney's fees and costs associated therewith.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. For general damages in an amount to be proven at the time of trial;
2. For wages lost in an amount to be proven at the time of trial;
3. For special damages in an amount in excess of $15,000.00;
4. For attorneys' fees, costs of suit, prejudgment interest at a statutory rate, incurred herein; and
5. For such other and further relief as this Court may deem just and proper.

Dated this ____ day of September, 2024.

RALPH A. SCHWARTZ, P.C.

/s/ *Ralph A. Schwartz*

RALPH A. SCHWARTZ, ESQ.
400 South Seventh Street, Suite 100
Las Vegas, Nevada 89101
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

Pursuant to NRCP 5(b), I hereby certify that I am an employee of RALPH SCHWARTZ, PC, and that on the 27th day of September, 2024, I served a copy of the foregoing AMENDED COMPLAINT as follows:

__X__ Electronic Service – By serving a copy thereof through the Court's electronic service system; and/or

_____ U.S. Mail—By depositing a true copy thereof in the U.S. mail, first class postage prepaid and addressed as listed below; and/or

_____ Facsimile—By facsimile transmission pursuant to EDCR 7.26 to the facsimile number(s) shown below and in the confirmation sheet filed herewith.  Consent to service under NRCP 5(b)(2)(D) shall be assumed unless an objection to service by facsimile transmission is made in writing and sent to the sender via facsimile within 24 hours of receipt of this Certificate of Service.

        CHRISTINE M. BOOZE, ESQ.
        WINNER & BOOZE
        1117 South Rancho Drive
        Las Vegas, Nevada 89102
        *Attorneys for Defendants*

        */s/ Vikki l. Weyandt*
        An employee of RALPH SCHWARTZ, PC